## THE JOHN A. MORGAN.

### GRINNELL *v.* THE JOHN A. MORGAN.

*(District Court. D. Connecticut.  October 16, 1886 )*

SEAMEN—LIEN FOR WAGES—PROCEEDING IN REM BY A MASTER TO RECOVER THE WAGES OF A SEAMAN—ACTUAL AND SUBSTITUTED MASTER.

One who is employed by the charterers of a vessel to act as master, and who serves in that capacity, will not be permitted to avail himself of a subterfuge as a means of recovering seamen's wages from the vessel. The fact that in the owners' application for a license the name of another person appears as master, will not estop them from showing the truth.

Libel by the Master against His Vessel for Seaman's Wages.
*John G. Crump*, for libelant.
*Samuel Pack*, for claimants.

SHIPMAN, J. This is a libel *in rem* against the steamer John A. Morgan for seaman's wages. The defense is that the libelant, although calling himself a seaman, was really the captain of the vessel.

In June, 1885, Fowler & Coburn, who are fish-oil manufacturers, chartered the steamer John A. Morgan for the Menhaden fishing season of four months. They succeeded, to a certain extent, to the business of the corporation of George W. Miles & Co., of Milford, of which corporation Coburn had been a stockholder. The libelant, Philip S. Grinnell, had been a master of one of the steamers of George W. Miles & Co., and had been master of other steamers for years, was an expert fisherman, and commanded a high salary. He had received as much as $3,000 for the fishing season. Mr. Coburn knew his reputation, and that he had been one of Miles & Co.'s masters, and engaged him, in 1885, to "go fishing" for the firm upon one of their vessels, at a salary of $1,500, and three cents per thousand for all fish caught in excess of 6,000,000. The libelant was to purchase the necessary outfit of seines, and was to hire all the men except the engineers.

The understanding of both Coburn and Grinnell was that the libelant was engaged as captain of the vessel, to be in full command of her, and in charge of the entire business. The libelant hired all the men except the engineers, and, among others, hired Daniel Grinnell to be the captain, at $50 per month. Daniel Grinnell was to

be and ,was .the pilot.   Philip S. Grinnell now styles himself the master of the seine, who had the oversight. of the fishing department.   This vessel was what is call a "single-gang boat," in which the captain is, as a rule, the master of the seine.   "Double-gang boats" have two masters of seines, one of whom is the captain.

There is not sufficient evidence to enable me to find definitely the reason why the libelant chose to call Daniel Grinnell the captain, but I believe it was because, as the result of George W. Miles & Co.'s failure, said ᴾ S. Grinnell thought that a captain has no maritime lien upon the vessel for his wages.   The libelant was actually the captain of the John A. Morgan, and continued so to be till the end of the voyage.

Fowler & Coburn did not pay him in full, but sent him their notes for $541, the balance due him, which notes he retained, but he did not discharge whatever lien he had upon the vessel.   They were in ignorance, until the last six weeks, that D. C. Grinnell was called master.   His pretended employment as master was a subterfuge, and a fraud upon the owners of the vessel.

An important point in the libelant's case is that, in the owners' application for a license, and in their bond, and in the license, the name of Daniel C. Grinnell appears as master.   R. Duncan Harris, of the city of New York, the managing owner of said steamer, signed, in said city, a bond to the United States for a license, in which the name of D. C. Grinnell appears as master.   There is no evidence that said Harris knew that he was not master.   The bond was sent to New London, where the steamer was lying, and Elias F. Morgan, as president of the Albertson & Douglass Machine Company, which company was agent for said owners, went with the said Daniel C. Grinnell to the custom-house at New London, where said Grinnell made oath, as master, before the deputy collector of customs.   The said Morgan knew that Philip S. Grinnell was to take the boat for the season, and supposed that D. C. Grinnell was the pilot.   The latter came to Mr. Morgan, and said that he had been sent there to take the boat to Tiverton.   Said Morgan went with him to the custom-house, and permitted the use of his name as master, in as much as he was to be the temporary master, to take the vessel to Tiverton. Mr. Morgan was too lax in permitting said Grinnell to take the oath. but he evidently thought that, as the pilot was to take the boat to Tiverton, and the master was absent, there was no impropriety in the former's making ·oath, as master for that occasion.   The laxity of Mr. Morgan should not estop him or the owners from showing the truth.

The claim of the libelant for a lien for seaman's wages is founded upon a pretense.   He ,was not an ordinary seaman, but was the captain, and should not be permitted to gain a maritime lien through a subterfuge.

The libel is dismissed, with costs.